Moncure, P.
delivered the opinion of the court:
The court is of opinion that under the act of the Gen *456 eral Assembly, approved June 29, 1870, Session 1869-’70, chap. 174, sections 3 and 27, pp. 229 and 239, the County court of Montgomery county, on the 3d day of October 1870, on the motion of the plaintiff, "William L. French, had a discretion to grant or refuse to him a certificate for obtaining a license to retail ardent spirits at his eatiug house, in Christiausburg, in the said co unty, in addition to his license to keep an eatiug house; and the said court having accordingly, on that day, on his motion, granted him such a certificate, the judgment of the said court in that respect was final and conclusive.'
The court is further of opinion that the order of the defendant, A. Mahood, judge of the Circuit court for said county, dated the 8th day of October 1870, awarding, on the petition of the defendant, Jesse A. Noel, a supersedeas to the said judgment of the said county court, and all the proceedings which were afterwards had upon the said supersedeas, and especially the judgment rendered upon the same by a Circuit court held for said county on the 9th day of May 1871, pronouncing the said judgment of the said County court to be erroneous, and considering that the same be reversed and annulled, and that the said Noel recover against the said French his costs by him expended in prosecuting the said supersedeas ; and especially also the execution issued upon the said judgment of the said Circuit court, were all coram nonjudice, and null and void ; the said judge having no authority to award the said supersedeas, and the said Circuit court having no authority to entertain jurisdiction of the same.
The court is further of opinion, that prohibition is the proper remedy for the plaintiff in such a case as this, to prevent and arrest the said unauthorized proceedings, and to have them declared null and void ; and that the said remedy still continues to exist, notwithstanding the said judgment of the said Circuit court was rendered before the rule was awarded in this case, and notwith *457 standing it appears that since the said rule was executed, and pending the proceedings thereon in thi3 court, the said JSToel has released the said French from the costs recovered against him by the said judgment of the said Circuit court.
Therefore it is adjudged and ordered that the motion to discharge the said rule be overruled, and that a writ of prohibition be awarded, according to the prayer of the said petition, directed to the said defendants, commanding them to proceed no further upon the said supersedeas awarded by the said A. Mahood, judge as aforesaid, nor upon the said judgment of the said Circuit court; and superseding the said supersedeas, and all proceedings which have been had under the same, and especially the said judgment of the said Circuit court; so that the said judgment of the said Couuty court will continue and remain in full force and effect, as if no such supersedeas had ever been awarded, and as if no such judgment of the Circuit court had ever been rendered, as aforesaid. And it is further adjudged and ordered, that the service of au office copy of this order upon the said defendants shall have the same force and effect as the execution upon them of a writ of prohibition issued in pursuance hereof. And it is further adjudged and ordered, that the plaintiff, William L. French, recover against the defendant, Jesse A. IToel, his costs by him expended in the prosecution of this proceeding. Which is ordered to be certified to the said Circuit court of Montgomery county.
Prohibition awarded.