# CASES DETERMINED

### IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

AT THE JUNE TERM THEREOF, HELD AT WHEELING,
IN THE COUNTY OF OHIO, COMMENCING ON
THE FIFTH DAY OF JUNE, 1878,
AND ENDING ON THE SIXTH
DAY OF JULY, 1878.

---

## HEIN v. SMITH, JUDGE, *et al.*

Decided July 6, 1878.

1878
June Term.

1. A county court has a discretion to grant, or refuse, a certificate
for obtaining a license to retail spirituous liquors, &c.; and the
action of the county court therein cannot be reviewed upon
appeal, writ of error or *supersedeas.*

2. In such a case, if the judge of a circuit court grants a *supersedeas*
to the order of the county court so granting such certificate,
and reverses and annuls the order, the said action of the judge
and court is *coram non judice,* and of no effect.

3. After the judgment of the circuit court has been rendered, as well as before, the person injured by the judgment may obtain from the Supreme Court of Appeals a writ of prohibition, to restrain the appellant and the judge from proceeding to enforce such judgment.

Petition by Joseph Hein for a writ of prohibition restraining the Hon. Joseph Smith, judge of the seventh judicial circuit, and William Smith from any further proceedings upon certain orders of the county court of Mason county.

JOHNSON, JUDGE, furnishes the following statement of the case :

On the 4th day of May, 1878, Joseph Hein, by counsel, presented to this Court a petition, supported by his affidavit, praying for a writ of prohibition to be directed to the Hon. Joseph Smith, judge of the circuit court of Mason county, and to William Smith, restraining them from any further proceedings upon orders of the county court of Mason county, made respectively on the 22d and 27th days of March, 1878, upon a motion, wherein the said Joseph Hein was applicant, and William Smith and forty-four others, citizens and tax-payers within the incorporated town of Point-Pleasant, Mason county, West Virginia, objecting, with a transcript of the record of the order aforesaid, praying a writ of *supersedeas* thereto, the order of the circuit court of Mason county awarding said writ, and the order of the said circuit court on the hearing of said *supersedeas*, setting aside and annulling said orders of the said county court.

Upon said petition a rule by this Court was awarded against said Joseph Smith, judge, and said William Smith, returnable on the 7th day of June next thereafter, requiring them to show cause, if any they could, why the writ of prohibition should not issue.

The record accompanying the petition shows, that at a county court, continued and held for the county of Mason, on the 22d day of March, 1878, on motion of Joseph Hein, who desired authority to obtain a certificate

for a State license, the court being satisfied that said Hein was not of intemperate habits, and the consent of the common council of the town of Point-Pleasant, having been obtained for the purpose, and the said Joseph Hein together with Peter Lambrecht and John Meis, his sureties, having entered into and acknowledged a bond, in open court, in the penalty of $3,500.00, conditioned according to law, which bond was approved by the court, and ordered to be filed according to law, the assessor of the first assessment district of the said county was authorized to issue to the said Joseph Hein a certificate for a State license in said county, " to sell, offer and expose for sale, spirituous liquors, wine, porter, ale and beer, and any drinks of like nature, at his house on lot No. 9, west side of Main street, Point-Pleasant, county and State aforesaid ; said license to commence on the 1st day of May, 1878, and expire on the 30th day of April, 1879,"

To the granting of which certificate, and the ruling of the court, William Smith and others objected.

On the 27th day of March, 1878, the said county court entered the following order :

" This day came the parties, by their attorneys, and Joseph Hein, by his attorneys, moved the court to award him his costs, expended in this behalf; which motion being argued and considered and submitted, the court doth sustain said motion. It is therefore considered by the court, that said Joseph Hein recover of said William Smith and others, petitioners, his costs, by him in this behalf expended."

Upon the hearing of said application the court signed two bills of exceptions to its rulings. The first bill shows, " that when the application of Joseph Hein was made to the court, to obtain a certificate authorizing the assessor of the first assessment district of Mason county, to issue him a license to sell at retail spirituous liquors, ale, wine, beer and any drink of like nature within the incorporated town of Point-Pleasant, Mason county, West Virginia, he, the said Joseph Hein, presented a certificate to the court in the words and figures following, to-wit :

"POINT-PLEASANT, W. VA., January 7, 1878.

"At a regular meeting of the common council, held this day, on application of Joseph Hein a certificate is granted him, that he is not of intemperate habits. And council doth grant him the privilege of selling at retail, spirituous liquors, wines, porter, ale, beer, and drinks of like nature, in his house on the west side of Main street in this town, to commence on the 1st day of May, 1878, and expire on the 30th day of April, 1879.

"Copy Teste:

"W. H. HALE,
"*Recorder.*"

Which was the only certificate offered, and which was the only evidence offered, to the court to prove, that said applicant, Hein, has obtained the consent of the authorities of the incorporated town of Point-Pleasant, Mason county, West Virginia. Whereupon the petitioners, William Smith and others, objected, because the certificate did not show, that it was granted, or issued, or approved, by the authorities of said town, acting, and exercising the powers, and performing the duties of the common council of said town, at the time this application is made. Whereupon a petition of William Smith and forty-four others was offered to the court. Which petition, the record states, is lost or mislaid.

The petitioners offered evidence to prove, that the council, which granted the certificate, gave it, pending a suit in equity to enjoin their successors in office from acting on this very subject; and offered to prove, that on the 3d day of January, 1878, there was an election held in the said town of Point-Pleasant, by order of the town council thereof, for the purpose of electing a mayor, recorder and five councilmen; and that the issue in said election was, whether or not the town council would give their consent to have licensed saloons, to sell at retail spirituous liquors, &c., within the corporate limits of said town; and that the party opposing

the granting of license, to keep such saloons, to sell at retail spirituous liquors, &c., within the corporate limits of said town, were successful.

And further offered to prove, that the term of office of the members of council, which granted said certificate, would have legally expired on the 1st day of February, 1878, had not the injunction aforesaid been granted, and which was dissolved on the —— day of February, 1878.

And further offered to prove that the Common Council of said town was composed of entirely different members, at the time said certificate was granted, from those who composed it at the time the application was made for license; and that the Common Council, elected on the 3d day of January aforesaid, qualified and took possession of their respective offices on the 5th day of March, 1878, all of which evidence being offered, was objected to by said Hein, which objections being referred to the court, were sustained; and the court refused to allow the evidence to be heard, on the ground that the certificate, produced by said applicant, Hein, was conclusive on the court as to its validity and effect; and therefore the court granted the certificate or order to said Hein authorizing said assessor to issue said certificate of license to sell at retail spirituous liquors, wine, ale, beer, and any drink of like nature, within the incorporated town of Point-Pleasant, Mason county, West Virginia.

And moreover, on the final argument of the case, three counsel appeared for the said applicant, Hein; and the counsel for petitioners Smith, and others, objected to three appearing to argue the case, or if they were allowed to do so, that counsel on the other side ought to be allowed to alternate with them in the argument; and this being objected to by the applicant, Hein, and the question being referred to the court, the objection of petitioner Smith and others was overruled; and three counsel were allowed to argue on behalf of applicant, Hein, two of them opening the argument, then being

followed by counsel for petitioner Smith and others, and the argument being closed by counsel for Hein, and but one argument was allowed against him; to all of which opinions and decisions of the court the petitioners, Smith and others, except, &c."

The second bill of exceptions was to the judgment of the court for costs against the petitioners, Smith and others, and in refusing to allow counsel for petitioners, Smith and others, to open and conclude the argument on the motion for judgment for costs.

To the two orders entered by the county court as aforesaid, the judge of the circuit court of Mason county granted upon the petition of said William Smith and others a *supersedeas*, upon the hearing of which the circuit court of Mason county, set aside and overruled the said orders of the county court of Mason county, with costs against said Hein to said Smith and others, and remanded the case to the county court of Mason county, "to be further proceeded in, if the said Hein should desire further to prosecute his said application; and if the said certificate, purporting to be from the authorities of the town of Point-Pleasant, should be offered in evidence again, the said William Smith and others, parties to this contest, are allowed to controvert it by any legal evidence in their power, which they may wish to produce, going to show, that the certificate in itself is illegal, and unwarranted by law, or to show, that said certificate is not of the authorities of said town of Point-Pleasant, acting at the time of the application to the county court by said Hein."

In answer to the rule awarded against said Joseph Smith, judge, and William Smith, to show cause why the writ of prohibition should not be awarded, Judge Smith claimed, that "he had jurisdiction, by *supersedeas*, to set aside and annul the said order of the county court; and that the county court had no discretion to act in the matter, until the applicant had obtained the consent of the authorities of the incorporated town, in which the said

applicant desired to retail spirituous liquors, &c.; and that the county court erred in refusing to allow the parties objecting to prove to the court, that the consent of the authorities of the said town had not been obtained."

William Smith also answered the rule.

*Rankin Wiley, Jr.*, for defendants below:

The simple question before the court is, whether the judge of the circuit court palpably exceeded his jurisdiction in rendering judgment, setting aside and annuling the order of the county court.

It is a well settled principle of law, that a writ of prohibition will not lie, to correct an erroneous judgment, in a case, in which the court had jurisdiction.

The writ of prohibition is only a proper proceeding to restrain a judge from exceeding his jurisdiction, and not to correct an erroneous judgment in a case, in which he has jurisdiction.    20 Gratt. 10, case of *Ellyson et al. ex parte;* High's Extra. Leg. Rem. p. 553, §767.

Prohibition can only be resorted to in cases, where the usual and ordinary forms of remedy are insufficient to afford redress; and the jurisdiction by prohibition is strictly confined to cases, where no other remedy exists.

The writ of prohibition will not be allowed to take the place of an appeal; nor will it be granted as an exercise of purely appellate jurisdiction.    High's Extra. Leg. Rem. pp. 555 and 566, §§770, 771, 772.

It is claimed, that the granting of license is a discretionary power of the county court, and that the judgment of that court is final and conclusive; and they refer to the case of *French* v. *Noel*, 22 Gratt. 454; and *ex parte Yeager*, 11 Gratt. 655, in support of their position.

Under an express constitutional, as well as a statutory, provision the county court had no discretion to grant license to sell at retail spirituous liquors, &c., within an incorporated city, village or town, until the applicant had obtained the consent of the authorities therein.

Con. W. Va., art. 8, §28; Acts 1877, ch. 107, §§1, 7.

Is the county court to be the sole and final judge, as to what constitutes the consent of the authorities of a city, village or town?

And will this Court hold, that the county court may at its caprice determine finally in all cases, that the consent of the authorities of the city, village or town had been obtained; and that the said court may peremptorily refuse to hear any testimony contradicting the evidence offered by the applicant; and refuse to hear testimony going to prove, that the consent of the authorities of the city, village or town had not been obtained, or that the certificate purporting to be a certificate of consent of the town authorities had been obtained through fraud, or by corruption; and that the authorities and citizens and tax-payers had no redress?

Suppose the order offered in evidence by applicant, Heins, had been revoked, annulled and set aside by a subsequent order, and the county court would refuse to admit evidence to prove, that the said order offered by said applicant had been revoked, annulled and set aside, and grant the order asked for by said applicant; or suppose they would refuse to hear evidence going to prove, that the said certificate was a forgery; will this court hold, that in that case the decision of the county court, would be final and could not be reviewed by a superior court? Are these county courts to decide such questions as these finally and without any mode of redress?

But we are told, that we must proceed by *mandamus*, prohibition, or *certiorari*. It is very clear, that *mandamus*, or prohibition would not lie; and a *certiorari* case can not be made a substitute for the inhibited appeal, writ of error, or *supersedeas*, to review the case upon its merits. 10 W. Va. 180, case of *Meeks* v. *Windon et al.*

Hence we conclude, that an appeal, writ of error, or *supersedeas*, is the only proceeding, by which we could get redress in this case.

The appellate jurisdiction of the circuit court is prescribed in article 8 §12 of the Constitution of West Virginia.

The circuit court has appellate jurisdiction in all cases of judgments, decrees and final orders rendered by the county court, where the matter in controversy exclusive of costs is of greater value, or amount, than twenty dollars. This we contend does not apply to final orders made by the county court, in which there could be no pecuniary amount directly involved.

Again—The circuit court has appellate jurisdiction in cases involving freedom, or the constitutionality of a law.

Freedom : Is personal, civil, political and religious; license, &c.; Webster's Unabd. Dict.; Bouv. Law Dict.

JOHNSON, JUDGE. delivered the opinion the Court :

Whether a writ of prohibition should issue in this case, depends upon the answer to the question : Has the circuit court jurisdiction by *supersedeas* to review an order of the county court granting a license to retail spirituous liquors, &c. ?

If the circuit court has such power, the writ will be refused ; if it has not, the writ will be granted.

Syllabus 1.

In at least two cases in Virginia the Court of Appeals has decided, that the action of the county court, in granting or refusing a license to retail liquors, is final and conclusive. In one of the cases, a *mandamus*, to compel the county court to grant a license, when the applicant had complied with the law, was refused; and in the other case, which, in nearly all its material circumstances, was like the case here, a writ of prohibition to the circuit court, which had by *supersedeas* reviewed and reversed the order of the county court granting a license, was awarded.

In the first case, *ex parte, Yeager,* 11 Gratt. 655, is a very able review of the authorities by Judge Daniel.

In that case, there was also an application for a writ of error to the action of the superior court ; and as to that application Daniel J. said : "I think it proper to add, for reasons which may be collected from views of the law already expressed, that *I think there is no mode, by which the action of the justices can be appealed from.*"

In the other case, *French* v. *Noel*, 22 Gratt. 454, the court held, that the county court had a discretion to grant or refuse a certificate for obtaining a license to retail ardent spirits ; and the court having granted such a certificate, "the judgment of the said court in that respect was final and conclusive."

But it is insisted by counsel for respondents, that "under an express constitutional, as well as a statutory, provision the county court had no discretion to grant license to sell at retail spirituous liquors, &c. within in an incorporated city, village or town, until the applicant had obtained the consent of the authorities therein ;". and therefore the county court could not finally determine, that the consent of the city, town, or village had been obtained, and in so determining arbitrarily refuse to hear evidence, that such consent had not in fact been obtained." It is true, that the constitution, as well as a statute, declares, that no license shall be granted in an incorporated city, or town, without the consent of the authorities of such city, or town. Chapter 107 of the Acts of the Legislature of 1877, in operation at the time the county court granted the certificate in this case, declares, that several other things are necessary, before the county court shall grant a license for selling spirituous liquors.

Section 11 provides, that "the county court, or other tribunal acting in lieu thereof, * * * * shall not authorize any license, mentioned in the first section, unless they are satisfied, and so enter on their record, journal or minutes, that the applicant for such license is not of intemperate habits."

Section 18 provides, that "no county court, or other

tribunal acting in lieu thereof, * * shall authorize the issuing of any license to sell spirituous liquors, wine, porter, ale, beer, or drink of like nature, until the applicant shall have given bond with good security, to be approved by the court, or other tribunal, * * * in a penalty of at least three thousand five hundred dollars, conditioned, &c.

Section 8 of chapter 38 of the Code of Virginia of 1849, declares, that " the receipt for the tax on such license, as is mentioned in the fourth section, shall be produced to the court, to which application is made for the license, *before such application is considered.* If the court reject the application, the tax shall be refunded to the person, who paid it." This statute was in effect, when the case of *Yeager ex parte, supra,* was decided ; yet the court thought, there was no mode, by which the action of the justices in granting, or refusing to grant, a license, could be appealed from.

The constitution and statutes are mandatory on the county court; and it is very wrong in that court to not strictly follow the requirements of the law, in the matter of granting, or refusing license to sell spirituous liquors &c.; yet the sole power, (except when by special law it is placed elsewhere), is lodged with that court to act in such matters; and the law certainly has not conferred upon the circuit court the power, by *supersedeas,* to review such action of the county court. If a *supersedeas* would lie, of course it would be proper to take bills of exceptions, as to the rulings of the county court, in such cases.

If the consent of the town, in which the applicant wishes to sell liquors, &c., had not been obtained, or if obtained, procured in an improper way, or the evidence of it not legal, all these things would be proper to incorporate in a bill of exceptions, if a *supersedeas* would lie.

So with regard to the certificate of the party not being of intemperate habits, there might be quite a conflict of evidence on that subject, which in many cases would make

1878
June Term.

Hein
v.
Smith.

an interesting bill of exceptions. If the bond was not given, or if it was an improper bond, these questions could be reviewed, if the *supersedeas* would lie. Neither the constitution nor the law provides for a *supersedeas* in such a case. If it had been allowed it would very greatly have increased the litigation in the State, perhaps for no good purpose.

Sec. 12 of Art. 8 of the Constitution of the State, confers upon the circuit courts appellate jurisdiction, as follows: "They shall have appellate jurisdiction, upon petition, and assignment of error, in all cases of judgments decrees and final orders rendered by the county court, and such other inferior courts of record, as may be hereafter established by law under the provisions of this article, where the matter in controversy, exclusive of costs, is of greater value or amount than twenty dollars; in controversies respecting the title or boundaries of land, the probate of wills, the appointment or qualification of a personal representative, guardian, committee or curator; or concerning a mill, road way, ferry or landing, or the right of a corporation or county to levy tolls or taxes; and also in cases of *habeas corpus, quo warranto, mandamus,* prohibitions and *certiorari,* and in cases involving freedom, or the constitutionality of a law, and in all cases of conviction under criminal prosecutions in said court."

This constitutional provision limits the appellate jurisdiction of the circuit courts to the cases therein enumerated. Can it be claimed, that this case falls within that number? It certainly cannot be included in any of these cases, unless it involves "freedom, or the constitutionality of a law."

It is not claimed, that it involves any constitutional question. It is claimed by counsel for respondents, that it involves "freedom." It certainly does not involve the freedom of any person. No one's personal liberty is in any way interfered with by the judgment of the

county court, within the meaning of the word "freedom," as used in the constitution.

A. and B. filed their petition in this court at the present term, showing that they had applied to the county court of Jackson county for a license to carry on the business of a druggist in the town of Ripley, in said county, showing by said petition that they had in every respect complied with the requirements of the statute, before they made such application, and by the petition, and record of the county court in the case it appeared that their application was refused, solely on the ground that it was against public policy to grant it; and the petition prayed for a *mandamus* to compel the said county court to grant said license, and upon mature consideration this court unanimously refused to issue a *mandamus nisi*, on the ground that by sec. 1 of chap. 107 of the acts of the Legislature of 1877, a person who wishes to obtain a license to carry on the business of a druggist is put in the same position of a party who applies for a license to sell spirituous liquors, and the same law applies to both; and therefore the court could not, for the reason aforesaid, by *mandamus* compel the said county court to grant such license.

Judge Smith had no appellate jurisdiction by *supersedeas* to review the order of the county court in this case, and his reviewing and reversing said order was unwarranted. He did, however, reverse said order; and the act being done, can this court issue the writ of prohibition? In *United States* v. *Hoffman*, 4 Wall, 158, it was held, that " where the court to which the writ should be issued has already disposed of the case, so that nothing remains, which that court can do either by way of executing its judgment, or otherwise, no prohibition will be granted." In that case the rule was discharged, because the return showed, that the inferior court had dismissed the case, in which it had assumed an unwarranted jurisdiction." Here the Court entered its judgment reversing the orders of the county court, and of course has the power, and will,

if permitted, to enforce that judgment. I think there is no doubt that the writ should issue in this case. *French* v. *Noel*, 22 Gratt, *supra*.

The court is therefore of opinion, that the order of the defendant, Joseph Smith, judge of the circuit court of Mason county, dated the 8th day of April, 1878, awarding, on the petition of William Smith, a *supersedeas* to the said order of the county court of Mason county, and all the proceedings, which were afterwards had upon the said *supersedeas,* and especially the judgment, rendered upon the same by a circuit court held for said county on the 20th day of April, 1878, pronouncing the said orders of the county court to be erroneous, and considering that the same be reversed and annulled, and that the said Smith recover against the said Hein his costs, by him expended in prosecuting the said *supersedeas,* were all *coram non judice* and null and void; the said judge having no authority to award the said *supersedeas ,* and the said circuit court having no authority to entertain jurisdiction of the same.

*Syllabus 2.*

Therefore it is adjudged and ordered, that a writ of prohibition be awarded according to the prayer of the said petition, directed to the said defendants, *commanding* them to proceed no further upon the said *supersedeas,* awarded by the said Joseph Smith, Judge, as aforesaid, nor upon the judgment of the said circuit court, and superseding the said *supersedeas* and all proceedings which have been had under the same, and especially the said judgment of the said circuit court; so that the said order of the county court will continue and remain in full force and effect, as if no such *supersedeas* had ever been awarded, and as if no such judgment of the circuit court had ever been rendered as aforesaid. And it is further adjudged and ordered, that the service of an office copy of this order upon the said defendants shall have the same force and effect as the execution upon them of a writ of prohibition issued in pursuance thereof; and it is further ad-

*Syllabus 3.*

1878.
June Term.

Hein
v.
Smith.

judged and ordered, that the plaintiff, Joseph Hein, recover against the said defendant, William Smith, his costs, by him expended in the prosecution of this proceeding, which is ordered to be certified to the said circuit court of Mason county.

THE OTHER JUDGES CONCURRED.