# Richmond.

AILSTOCK V. PAGE AND ALS.

April 19th, 1883.

1. CONSTRUCTION OF STATUTES—*Liquor Licenses—County Courts.*—The purpose of the legislature in framing the act of March 3, 1880, was to require the county courts to grant a license to sell liquor to every applicant who brought his case within the requirements of the law. *Leighton* v. *Maury*, 76 Va. 865.

2. IDEM—*Idem—Idem—Discretion—Appeal.*—The purpose and effect of the change by the legislature by its act of March 6, 1882, of the word "*shall*" to the word "*may*," was to conform the act of March 3, 1880, so amended, to the law in this respect, when the case of *French* v. *Noel*, 22 Gratt. 454, was decided, and so to leave it discretionary with county courts to grant or refuse such licenses. This, however, is a sound legal discretion, subject to the appeal specifically allowed by the statute to the applicant.

3. IDEM—*Appeal—Applicant—Contestant.*—Before these acts of 1880 and 1882, there was from the decisions of county courts granting or refusing licenses to sell liquor, under *Yeager's Case*, 11 Gratt. 655, and *French* v. *Noel, supra*, no appeal allowed either applicant or contestant. Those acts give to the applicant an appeal to the circuit court only. The failure to give an appeal to others, must be construed as conclusive evidence of a purpose to withhold the right of appeal from all but the applicant, and the contestant has no appeal whatever.

4. LEIGHTON *v.* MAURY, *supra—Overruled.*—So far as this court, in *Leighton's Case*, reached a different conclusion on the question of the right of appeal from judgments of county courts on applications for licenses to sell liquor, its decision is overruled.

5. CASE AT BAR.—A. applied to county court of R. for license to sell, by retail, liquor at G. P. opposed. By the evidence the court was fully satisfied that A. brought his case within the requirements of the law, and granted the license. P. excepted. The court certified the evidence. P. obtained from the circuit judge a writ of error and *super-*

*sedeas.* On petition of A. to this court for a writ of *prohibition* to the circuit court—

HELD:

1. The circuit court had no jurisdiction to award a writ of error and *supersedeas* in this case.
2. The writ of prohibition must be awarded, so that the judgment of the county court will remain as if no writ of error and *supersedeas* had been awarded. .

This is a case of prohibition brought in this court as a court of original jurisdiction. The object of the petitioner was to have this court award its writ to prohibit the circuit court of Rockbridge county from taking, upon a writ of error and *supersedeas* awarded to the contestants, W. N. Page and others, jurisdiction to review the judgment of the county court of said county, rendered January 2d, 1883, granting to the petitioner, Charles P. Ailstock, a license to keep an ordinary and sell ardent spirits at Goshen, in said county.

Opinion states the remaining facts.

*F. S. Blair* for plaintiff.

First. The circuit judge had no right to grant an appeal, or writ of error and *supersedeas* in this case, and his proceedings in so doing are *coram non judice* and null.

See *ex parte Yeager*, 11 Grat. 655; *Gorrell* v. *Culpeper*, 20 Grat. 519; *French* v. *Noel*, 22 Grat. 454.

Second. Act of March 6, 1882, amending act of March 3, 1880, and substituting "may" for "shall," grants "an authority coupled with a discretion, which does not admit of its being guided or superseded by the orders of any superior or appellate tribunal," except in the case specially provided in the statute, of an appeal by the party to whom a license is refused.

Third. Prohibition is the proper remedy in this case to arrest unauthorized acts of jurisdiction.

*Wm. A. Anderson,* and *Wm. J. Robertson,* for the respondents.

First. Respondents being interested in valuable improvements near Goshen, and deeming the establishment of an ordinary there fraught with injury to their interests, were entitled to become parties and oppose petitioner's application for license to establish same.

See *Leighton* v. *Maury,* 76 Va. 865.

Second. Rightfully made parties to the proceedings and aggrieved by the judgment of the county court granting such license, respondents were entitled under Code 1873, chapter 178, section two, upon a proper case presented, to sue out a writ of error and *supersedeas* to that judgment.

Third. All the proceedings complained of were in accordance with the construction placed by this court, upon the present license law, and the principles settled by its decision in *Leighton* v. *Maury, supra.*

Fourth. The act of March 6, 1882, raises no question of the appellate jurisdiction of the circuit court in the proceeding complained of, but makes clearer the rightfulness of its exercise.

Fifth. In that case this court held, that in the act of March 3, 1880, the words "*shall*" and "*may*" were synonymous.

Sixth. There is now no express warrant of law for granting a license to keep *an ordinary,* and county courts have no jurisdiction so to do.

The license issued was unwarranted, in that it authorized Ailstock to keep said ordinary as provided by section seventy-four of act approved March 27, 1876, which had been repealed, particularly by the act approved April 22, 1882.

HINTON, J., delivered the opinion of the court.

The application of Charles P. Ailstock for license was opposed by W. N. Page, Henry A. Goodloe, and The Iron and

Steel Works Association of Virginia (limited), who upon their motion, by counsel, were admitted as defendants. The court, after hearing the evidence on both sides, was fully satisfied that "the applicant was a fit person and the place suitable and convenient" and granted the license.

Subsequently, however, the said Page, Goodloe, and The Iron and Steel Works Association of Virginia (limited), applied to the Hon. Wm. McLaughlin, judge of the circuit court of Rockbridge county, for a writ of error and *supersedeas* to the judgment of the county court; which was awarded on the 16th day of January, 1883; whereupon, the petitioner, Ailstock, presented his petition to this court praying for a writ of prohibition to be issued to the said Page, Goodloe, The Iron and Steel Works Association of Virginia, and the said Wm. McLaughlin, judge of the circuit court of Rockbridge, " to prohibit them from proceeding further upon the said *supersedeas*, so that the order of the county court shall continue in full force and effect as if said *supersedeas* had not been awarded."

Accordingly, on the 12th day of February, 1883, a rule was entered, that the said judge, Page, Goodloe, and the Iron and Steel Works Association of Virginia, should be summoned to show cause why a writ of prohibition should not be issued according to the prayer of the petition. This rule was answered by both Goodloe and Page.

In these answers and the arguments at the bar of this court, several interesting questions are raised, only one of which, however, in the view we take of the case, is it necessary for us to decide.

That question is this, did the circuit court have jurisdiction to award a writ of error and *supersedeas* in this case?

From a comparison of the second section of the act of March 3, 1880, with the act amendatory thereof, approved March 6, 1882, it will be seen that the only change made in that section is the substitution of the word "may" for the word "shall," so that the section, as amended, reads as follows: "If the court be fully

satisfied upon hearing the testimony for and against the application, should any be offered, that the applicant is a fit person, and the place of business suitable and convenient, it *may* grant such license."

The purpose of the legislature in framing the act of March 3, 1880, was to require the county courts to grant a license to every applicant who had complied with all the requirements of the statute. In *Leighton* v. *Maury,* 76 Va. Rep. 865, Staples, J., in speaking of this act, says, "it will be observed that when the applicant brings himself within the provisions of the statute, in other words, if the applicant shows that he is a fit person, and that the place of business is suitable and convenient, it is the duty of the county court to grant the license. 'It shall grant the license,' is the mandate of the act. The court is, of course, invested with a sound judicial discretion in determining whether the applicant is a fit person and the place suitable and convenient, but if fully satisfied on these points, it has no right to refuse the license because the judge may consider the sale of ardent spirits contrary to a sound public policy, or injurious to the morals of a community. These are considerations that may properly address themselves to the legislature in framing the laws, and not to the courts in expounding them."

By the act of March 6, 1882, the word "may" is substituted, as we have before observed, for the word "shall." The obvious purpose and effect of which is to make the act of March 3, 1880, as amended by the act of March 6, 1882, conform in this respect to the law as it stood when the case of *French* v. *Noel,* 22 Gratt. 456, was decided, and so to leave it discretionary with the county courts to grant or refuse such licenses as to them might seem fit.

This discretion must indeed be a sound legal discretion. A discretion to be exercised upon a full and complete survey of all the circumstances of each particular case, regard being had to the interests and policy of the state as manifested in the statute, as well as to the interests of the applicant and to the

interests of the community in which the business is to be carried on, for it cannot be overlooked that one of the objects of the act, as expressed in its title, is, "to collect a tax" "for the support of the government, and to pay the interest on the public debt."

Now in *ex parte Yeager*, 11 Gratt. 655, and in *French* v. *Noel*, 22 Gratt. 456, this court held that the judgment and discretion of the county court in cases of this kind was final and conclusive and could not be controlled or reviewed. With the knowledge that this construction had been put upon the exercise of a discretionary power in cases of this kind, and that the effect of this construction was necessarily to exclude all other persons, as well as the applicant, from a right of appeal, the legislature has seen fit to use language in the act of March 6, 1882, which, in terms, only applies to the applicant, and which only allows him the right of appeal to the circuit court, and no further. Under these circumstances we do not feel at liberty to adopt the reasoning of the counsel for the respondents here, and to give to them not only the right of appeal to the circuit court, but more, and (what is denied to the applicant) an appeal to this court. *Supervisors of Culpeper* v. *Gorrell*, 20 Gratt. 519. In this case the failure of the legislature to give to other persons than the applicant a right of appeal to the circuit court must be construed as conclusive evidence of a purpose to withhold such right.

In *Leighton's Case, supra,* this court, in construing the act of March 3, 1880, reached a different conclusion on this point, and it is with reluctance that we have felt constrained to adopt a contrary view. To the extent, however, that the opinions herein expressed are in conflict with that case, it must be regarded as overruled. We think that the circuit court had no jurisdiction to award a writ of error and supersedeas in this case. It is, therefore, adjudged and ordered that a writ of prohibition be awarded according to the prayer of the said petition, directed to the said defendants, commanding them to proceed no further upon the said writ of error and *supersedeas* awarded by the said William McLaughlin, judge as aforesaid, so that the said

judgment of the said county court will continue and remain in full force and effect, as if no writ of error and *supersedeas* had ever been awarded.

And it is further adjudged and ordered, that the service of an office copy of this order upon the said defendants shall have the same force and effect as the execution upon them of a writ of prohibition issued in pursuance hereof.

And it is further adjudged and ordered, that the plaintiff, Charles P. Ailstock, recover against the defendants, W. N. Page, H. A. Goodloe and The Iron and Steel Works Association of Virginia, his costs by him expended in the prosecution of this proceeding.   Which is ordered to be certified to the circuit court of Rockbridge county.

PROHIBITION AWARDED.