# WHEELING.

TOWN OF HAWK'S NEST V. COUNTY COURT.

55   689
58   87
55   689
64   446

Submitted June 4, 1904—Decided June 7, 1904.

1.  PROHIBITION—*Completed Act.*
    Prohibition does not lie where the act complained of has been already done. (p. 690).

2   PROHIBITION—*License—Assessor—Indirect Action.*
    Prohibition will not lie to prohibit a county assessor from issuing a license to sell liquor. (p. 690).

3.  PROHIBITION—*County Court—License—City Council.*
    Prohibition does not lie to prevent a county court from granting license to sell liquor or compel it to revoke a license granted without the consent of a town council. (p. 691).

Petition of the town of Hawk's Nest for a writ of prohibition against the county court of Fayette county and B. E. Bare.

*Writ denied.*

PAYNE & HAMILTON, for petitioner.

BRANNON, JUDGE:

The Town of Hawk's Nest files a petition asking for a writ of prohibition against the county court of Fayette county and B. E. Bare, one of the assessors of that county, stating that McKleewee Nickell had made application to the council of said town for permission to obtain a license to sell liquor, and the council refused his application; that the county court, notwithstanding the refusal of the council to give its permit to Nickell, made a written order allowing Nickell to obtain such license, and accepted a bond from him, which order had been entered in the order book of the court by the clerk, but that the record had not been signed; and that petitioner believed that the assessor would issue such license.

The petition asks a writ of prohibition to forbid the assessor from issuing the license certificate, and to forbid the court from signing the record so far as it gives leave to Nickell to obtain the license, and if the assessor had issued the license then to compel the county court to revoke it.

We refuse the writ, for these reasons: First, the court has acted, whatever its action may amount to. Prohibition does not lie after action has been had. *Haldeman* v. *Davis,* 28 W. Va. 324. It is "a preventive rather than a corrective remedy" and can not be used after the act is done. High on Extra. Remedy 766. Second, Prohibition cannot go against the assessor. He is not a court, nor is his action judicial. This writ goes only against a judicial tribunal and judicial action. *Hassinger* v. *Nolt,* 47 W. Va. 348; *Fleming* v. *Commissioners,* 31 *Id.* 608; 2 Spell. Injunc. Extra. Rem. 1722. Third, It is clear that we cannot by prohibition compel the county court to revise its action by revoking the license. That would make the writ a *certiorari* or appeal. High, sec. 771.

But suppose that the county court had not already acted, but was only proposing to act. Would prohibition lie? I think not. It is clear that the constitution, in Art. 8, sec. 24, and the Code, in chapter 32, section 10, give the county court sole jurisdiction to grant or refuse liquor license, with the proviso that if the license is to be used in a town its council must consent, and this jurisdiction is exclusive, and cannot be reviewed by appeal, writ of error or *supersedeas. Hein* v. *Smith,* 13 W. Va. 358. In that case the county court had granted a permit, and it was

claimed that the consent of the town was not given by the proper council but the opinion says, "Yet the sole power is lodged with that court to act in such matters, and the law has not conferred on the circuit court power by *supersedeas* to review such action of the county court." While this discretion is given by the law to that court, I find no appeal or other remedy given by statute from its action. The Legislature has not chosen to give any appeal. By chapter 110, section 1, Code, the writ is made no longer a prerogative one addressed to the mere discretion of the court, as at common law, but it is a writ of right, that is in cases where it is applicable. The action of the tribunal against which the writ is sought, must be judicial in its nature, under cases above cited.

Some authorities say that the tribunal must be judicial; but this is too broad. Though the tribunal is not judicial, and the county court is neither a court of record nor judicial in character, yet if the tribunal is exercising judicial, or even *quasi* judicial, function, prohibition lies. "But from the very nature of the writ, it lies only in the case of the unlawful exercise of judicial functions. Acts of mere ministerial, administrative or executive character do not fall in its province," as the Court said in *Fleming* v. *Commissioners,* 31 W. Va. 617. The granting of license is purely an *ex parte* proceeding, not a *lis* or suit. It is the exercise of mere police power under the Constitution and statute cited. It is administrative or executive action, not judicial. *Hein* v. *Smith,* cited, and cases given in it, give the action of a county court in granting or refusing license this character. "If the inferior court be acting in purely administrative capacity a writ of prohibition is not the proper remedy, however illegal such ministerial acts may be." 2 Spell., Injunc- & Extra. Rem., sec. 722. In the same section, we find that prohibition does not lie to prohibit the granting of license by county commissioners.

We are not to be understood as approving the act of the county court in granting license without the council's consent, a thing condemned in the case of *Hein* v. *Smith,* cited, and by the very Constitution; but we do not think prohibition lies. Prohibition refused.

                                                                *Writ Denied.*