# CHARLESTON

VIRGINIA POCAHONTAS COAL CO. *v.* COUNTY COURT.

Submitted May 10, 1905.    Decided May 27, 1905.

1. PROHIBITION—*County Court*—*License*—*Action Concerning, Administrative and Not Judicial.*

   A writ of prohibition does not lie to prevent a county court from granting license to sell spirituous liquors. The matter being non-judicial in nature, and of administrative or police regulation in nature, prohibition does not lie even where the county court acts beyond its power. (p. 87.)

Petition by the Virginia-Pocahontas Coal Company for a writ of prohibition to the county court of McDowell county and others.

*Writ Denied.*

RUCKER, ANDERSON & HUGHES and M. P. SHAWKEY, for petitioner.

HERNDON & SMITH and STROTHER, TAYLOR & STROTHER, for respondents.

BRANNON, PRESIDENT:

George French Strother filed a petition before the county court of McDowell county for leave to obtain a license to sell spirituous liquors. A special term of the court was called for 8th May, 1905, to consider applications for leave to obtain liquor license, and the Virginia-Pocahontas Coal Company asks this Court to award a writ of prohibition to prohibit the county court from acting on said petition. The theory upon which the coal company would rest its call for the writ of prohibition is that chapter 36, Acts of 1905, in its

amendment and re-enactment of chapter 32 of the Code, after making provisions for filing petitions to obtain license to sell liquor, makes section 13 of chapter 32, say that: "The court shall hear the petitions at a regular or special term called for that purpose on the first Monday of April of each year," and the claim is that the county court can act only at a term held on the first Monday in April, and not at any other time, and as the first Monday in April had passed, no action could be had on such petition on the 8th day of May, and thus the county court would have no jurisdiction to then consider such petition for license.

We do not pass on this question, because we are without jurisdiction to do so, and any expression which we might make on that point would be mere *obiter* opinion, and this for the reason that prohibition does not lie to prohibit a county court from granting leave to obtain liquor license. *Town of Hawk's Nest* v. *County Court*, 55 W. Va. 689 (48 S. E. 205;) *Yeager, ex parte*, 11 Grat. 635; *French* v. *Noel*, 22 *Id*. 454. We think the matter is of administrative or police regulation, not judicial, and not the subject of prohibition whether within or beyond the power conferred. *City of Benwood* v. *Wheeling Co.*, 53 W. Va. 465. We note that said new section 13 gives the county court pure discretion to "grant or refuse the licenses applied for." In view of the construction given by the cases cited of former statutes touching the power of the county court in such matters, which were held to vest absolute discretion in the county court, and of the words of the new section expressly giving such wide discretion, we do not think a prohibition lies for any cause to prevent its action. It must consider an application, but may grant or refuse it. Its *pure discretion* to grant or refuse license cannot be controlled by prohibition. *Welch* v. *County Court*, 29 W. Va. 63. Section 13 further provides: "The said county court shall hear any petition of residents of the county, in addition to that of the applicant, in favor of, and any remonstrance against, the application for such license, and in all cases shall refuse the same whenever in the opinion of said court (having due regard to the number and character of the petitioners for and against such application) such license is not necessary or that the applicant is not a fit person to whom such license should be granted." It may be, but we do not say, as

the case does not involve the question, that some remedy might exist to protestants against such license where it appears that a county court has granted license in a case where it is "not necessary" or "the applicant is not a fit person," on the theory that the section, after giving power to "grant or refuse," limits this discretion so far as that the section commands the court to make refusal in these two cases.

*Writ Denied.*