A. A. STEELE *v.* THE STATE ROAD COMMISSION *et al.*

(No. 8173)

Submitted April 17, 1935. Decided April 30, 1935.

*Deveny & Furbee* and *Ritchie, Hill & Thomas,* for petitioner.

*Homer A. Holt,* Attorney General, for respondents.

HATCHER, JUDGE:

The petitioner herein was acquitted before a justice upon a charge of operating an automobile on the public road while intoxicated, in violation of Code, 17-8-25. He was arraigned later before the State Road Commission under Code, 17-6-28, upon the charge "that he operated a motor vehicle in a manner endangering the lives and property of those using the public highways." In bar of that arraignment he introduced evidence of his acquittal before the justice. The Commission ignored the acquittal, heard the evidence which was practically the same as the evidence before the justice, and revoked petitioner's license to operate an automobile. He then brought this proceeding to prohibit the Commission from taking any further action to enforce the revocation.

The remedy of prohibition is preventive rather than corrective. *Town* v. *County Court,* 55 W. Va. 689, 690, 48 S. E. 205. The petition does not aver what further action the Commission should or may take. If we waive the uncertainty on that point, still the petitioner does not make a case. Prohibition lies when a tribunal has no jurisdiction or exceeds its jurisdiction. We have held that the Commission has statutory authority to hear such cases. See *Ellis* v. *Commissioner,* 100 W. Va. 531, 131 S. E. 7. Petitioner does not controvert that holding. He takes the position that his acquittal of the criminal charge before the justice barred any other proceeding against him based on the same evidence; and that when he introduced that acquittal before the Commission it lost its jurisdiction to proceed further against him. Under the statute, it would have been the duty of the justice to have revoked petitioner's license had he been convicted. He therefore relies specially upon *Coffey* v. *U. S.,* 116 U. S. 436, 6 S. Ct. 437, which held that an acquittal of the criminal charge under a statute, comparable to ours, prevented further proceedings *in rem* against the accused upon the same charge.

The charge against petitioner before the justice and the

charge against him before the Commission are not identical. While dangerous operation of an automobile is frequently coincident with intoxication, the former is not dependent upon the latter, and may be induced by other causes. So, an acquittal of intoxication is not necessarily an acquittal of dangerous operation. Moreover, the rule pronounced in the *Coffey* case is the minority rule. See Annotation 31 A. L. R. 275. The *Coffey* case was differentiated by the Supreme Court itself in the later case of *Stone* v. *U. S.*, 167 U. S. 178, 184, 17 S. Ct. 778. Stone had been acquitted of a charge of feloniously removing the timber from certain land belonging to the United States. The Government then brought a civil action against him to recover the value of the timber. The Supreme Court remarked the dissimilarity of objects to be accomplished, and the degree and elements of proof required, etc., in criminal and civil actions, and sustained the civil action against Stone, saying: "It is no defense against such action that the defendant was indicted criminally for cutting such timber and was acquitted." While the rule followed in the *Stone* case is not a uniform rule, as we indicated in *Dry Goods Store* v. *Williamson*, 91 W. Va. 156, 159-160, 112 S. E. 301, it is beyond question the majority rule, and is supported by "a decided preponderance of authority." Freeman on Judgments (5th Ed.), sec. 653. Accord: Annotations, 31 A. L. R. 262; 57 A. L. R. 504; and 80 A. L. R. 1145. The leading case on this subject is *The Palmyra*, 12 Wheat. 1, 14-15, 6 L. Ed. 531, which held that when a statute provided both a forfeiture *in rem* and a personal penalty for the same misconduct, "the proceeding *in rem* stands independent of and wholly unaffected by any criminal proceeding *in personam*." We are committed to that doctrine. *Ellis* v. *Road Commission, supra,* 536 of 100 W. Va.; *Dry Goods Store* v. *Williamson, supra.*

Consequently, the acquittal by the justice did not affect the jurisdiction of the Commission, and the writ is refused.

*Writ refused.*