STATE OF NORTH CAROLINA v. PRESTON MAYNARD CARLISLE

No. 51

(Filed 10 April 1974)

Automobiles § 2— habitual offender statute — revocation of driver's license — nature of proceeding

> Since a driver's license revocation proceeding is not intended to punish the habitual offender of traffic laws but to remove from the highway one who is a potential danger to himself and other travelers, the proceeding is not criminal in nature, and the trial court's judgment which held the habitual offender statute unconstitutional and which was based on a misconception as to the nature of the proceeding was properly reversed by the Court of Appeals.

ON April 2, 1973, the solicitor of the Eighth Solicitorial District instituted this proceeding in the Superior Court of LENOIR County by filing a petition to which was attached an abstract of the "conviction record of Preston Maynard Carlisle" as maintained by the Commissioner of Motor Vehicles. The petition requested that the court issue a citation notifying the respondent to appear in court and show cause, if any he has, why he should not be adjudged an habitual offender whose motor vehicle license should not be revoked as provided in G.S. 20-220-231. The citation, with the petition and conviction record attached, was served on the respondent on May 7, 1973.

The respondent filed answer on May 21, 1973, alleging, "That the Statute under which the State of North Carolina

purports to act is unconstitutional." The respondent moved to dismiss the proceeding for that it was criminal in nature, denied the respondent the right of a jury trial and subjected him to double jeopardy and additional punishment for offenses for which he had already been tried and convicted.

On June 7, 1973, Judge Perry Martin conducted a hearing and entered the following judgment:

"THIS CAUSE coming on to be heard and being heard before the undersigned Judge of Superior Court at the June, 1973, Session upon the Petition of F. Ogden Parker, Solicitor, Eighth Solicitorial District, and upon the call of said case, the Court having considered the Petition of the State, the evidence presented for the State, and having considered Defendant's motion to dismiss said action, deems that the Statute under which the Solicitor is attempting to proceed is unconstitutional;

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that said Statute be, and the same is hereby declared unconstitutional, in that it violates the United States Constitution and the North Carolina Constitution, and it is further ordered that this action be, and the same is hereby dismissed."

The Attorney General for the State excepted to the order and gave notice of appeal. The North Carolina Court of Appeals reversed the decision and remanded the proceeding to the Superior Court of Lenoir County for hearing. The respondent, alleging a serious constitutional question is involved, gave notice of appeal to the Supreme Court.

*Robert Morgan, Attorney General, by William W. Melvin and William B. Ray, Assistant Attorneys General, for the State.*

*Sasser, Duke and Brown by John E. Duke for defendant appellant.*

HIGGINS, Justice.

In order to obtain a license to operate a motor vehicle upon the public highways, the applicant must by examination, satisfy the Department of Motor Vehicles that he is mentally and physically competent to operate a motor vehicle without undue risk to other travelers. The law recognizes that one who has been

found to be competent may lose his competency and become an undue hazard before the date his permit expires. Hence, provision is made for revocation of the license for cause. Thus when the holder of a permit becomes a menace to others on the highways by accumulating such number of convictions for violating safety rules as to disclose that he is an habitual offender, Article 8 of Chapter 20 of the General Statutes (G.S. 20-220-231) makes provision for judicial determination whether proper cause exists for revocation. The permittee has the right of appeal from an adverse judgment.

In *Fox v. Scheidt, Comr. of Motor Vehicles*, 241 N.C. 31, 84 S.E. 2d 259, this Court held:

> "The General Assembly has full authority to prescribe the conditions upon which licenses to operate automobiles are issued, and to designate the agency through which, and the conditions upon which licenses, when issued shall be suspended or revoked. *S. v. McDaniels*, 219 N.C. 763, 14 S.E. 2d 793."

In *Joyner v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 226, 182 S.E. 2d 553, this Court held:

> "Proceedings involving the suspension or revocation of a license to operate a motor vehicle are civil and not criminal in nature, and the revocation of a license is no part of the punishment for the crime for which the licensee was arrested. (Citing authorities.) A license to operate a motor vehicle is not a natural or unrestricted right, nor is it a contract or property right in the constitutional sense. It is a conditional privilege, and the General Assembly has full authority to prescribe the conditions upon which licenses may be issued and revoked. However, once issued, a license is of substantial value to the holder and may be revoked or suspended only in the manner and for the causes specified by statute. (Citing authorities.)"

Our cases offer no support for the view that a revocation proceeding is, in its nature, criminal. The comments of the trial judge in this case, at the time of entering judgment, show his misconception of a revocation proceeding. The record quotes him as saying: "[I]t's [G.S. 20-220, et seq.] a criminal one wherein the respondent has no right to trial by jury . . . ."

The respondent's counsel, in the brief, falls into the same error. A revocation proceeding is intended to withdraw author-

State v. Carlisle

ity to operate a motor vehicle upon a showing that permittee has become a menace to the safety of travel upon the public highway. *Harrell v. Scheidt*, 243 N.C. 735, 92 S.E. 2d 182; *Commonwealth v. Ellett*, 174 Va. 403, 4 S.E. 2d 762 (1940); *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65 (1936); *Steele v. Road Comm.*, 116 W.Va. 227, 179 S.E. 810 (1935).

The purpose of a revocation proceeding is not to punish the offender, but to remove from the highway one who is a potential danger to himself and other travelers. *People ex rel. Karlin v. Culkin*, 248 N.Y. 465, 162 N.E. 487 (1928).

The Court of Appeals was correct in reversing the judgment entered in the Superior Court of Lenoir County and in remanding this proceeding to the superior court for the hearing contemplated by G.S. 20-220-231.

The decision of the Court of Appeals is correct and is

Affirmed.