*JOHN W. BRITT v. JESSE S. BENTON.

*Processioning Land.*

1. In a proceeding under the processioning act, Bat. Rev. ch. 91, it is not necessary that the processioner should sign the report of the free-holders; it is sufficient if it appear affirmatively from the report that he was present participating with them.

2. In such proceeding it is sufficient if a majority of the free-holders act.

3. The act for processioning land having been in operation since 1723, the long acquiescence of the Courts raises a presumption of its constitutionality which, at all events, cannot be questioned by one who has voluntarily submitted his claim to the statutory tribunal for the settlement of disputed boundaries.

(*Atkinson* v. *Whitehead*, 77 N. C. 418, cited and approved.)

PROCEEDING under the statute, Bat. Rev. ch. 91, for processioning land, heard on appeal at January Special Term, 1878, of WAYNE Superior Court, before *Eure, J.*

The plaintiff gave notice in writing to the defendant that on the 3rd of April, 1877, he would with the county surveyor proceed to procession his land adjoining defendant's, which was accordingly done and a report and plat made by H. G. Maxwell, the surveyor; and on the 12th of April following, it was certified to the clerk of said Court that on arriving at a certain point in running and marking the lines the plaintiff was forbidden by the defendant from proceeding further, and thereupon the clerk issued a notice to five freeholders to meet on the premises with the processioner, and after being duly sworn to establish the line and do equal justice between the parties interested and report their proceedings to Court. The report was submitted on the 14th

*Faircloth, J. having been of counsel did not sit on the hearing of this case.

12

of May following, to which the plaintiff excepted. The clerk overruled the exceptions, (which are set out in the opinion,) and upon appeal His Honor affirmed the judgment and the plaintiff appealed to this Court.

*Mr. A. K. Smedes,* for plaintiff.
*Mr. H. F. Grainger,* for defendant.

SMITH, C. J. The plaintiff's exceptions to the ruling of the Court below, and which are relied on in the argument here, will be noticed in their proper order:—

1. The plaintiff excepts, for that, the processioner did not concur in and sign the report of the freeholders, and it does not appear he was in consultation with them. The report states that on the 11th of October, 1877, the freeholders after being duly sworn "appeared *with the processioner* on the disputed line," and then sets out their action in the premises in detail. It thus appears that the processioner was present, participating with the freeholders in what they did, and as we must assume, performing his legal duties in regard thereto. It is not necessary he should sign the report. The act requires the appointment " of five respectable freeholders who shall appear with the processioner on the line or lines in dispute," and that they, the freeholders, shall procession the same and make report of their proceedings. Bat. Rev. ch. 91, § 6, amended by the act of 1874-'75, ch. 40, § 1.

2. The next exception is that four only of the five freeholders appointed acted in processioning the land and determining the disputed lines. Whatever force there might be in this objection in the absence of any statutory provision, it is remedied by the act which declares that "all words purporting to give a joint authority to three or more *public officers or other persons* shall be construed as giving such au-

thority to a *majority of such officers or other persons.*" Bat. Rev. ch. 108, § 2.

3. The last exception is that issues of fact regarding boundary having arisen and been returned to the clerk, he should have transmitted them to the Superior Court for trial before a jury there. It is true, the right of trial before a jury in all controversies at law respecting property is secured in the bill of rights annexed to the constitution of 1776, and also in the constitution of 1868, and in our present constitution. The statute for processioning land substantially in its present form has been in operation since 1723, and numerous cases arising under it has been before the Court, and in some of them unfriendly criticisms have been indulged in respect to its operation and effect upon rights of property; but in none of them does it appear that objection to its validity under the constitution was raised. It can scarcely be supposed that this point would have escaped the vigilance of counsel and the Court; and the enforcement of the law must be deemed a concession of its compatibility with the constitution. We should be reluctant now by questioning its validity to disturb this long and continued acquiescence. Indeed, this method of procedure may be regarded as a substitute for a jury trial, possessing the advantages of a personal inspection of the land and its boundary marks, and the presence before freeholders of the different objects to which the testimony of witnesses is directed. These ceremonies are wanting in a trial before the Court. There is the further protection afforded to rights of property in the requirement of two successive processionings to ascertain and determine them.

But it suffices for our present purpose to say that the plaintiff, who alone complains, has voluntarily sought this statutory tribunal and submitted his claims to its determination. He has waived his right to a jury trial and can not be permitted to repudiate the jurisdiction he has him-

self invoked to decide his controversy with an adjoining proprietor when the result is adverse to himself. There is an apt time and mode in which rights must be asserted, and when one must make his election. In our opinion he has waived his right, and must abide by his election and its consequences. *Atkinson* v. *Whitehead,* 77 N. C. 418. We therefore overrule the exceptions and affirm the judgment. Let this be certified.

No error.

PER CURIAM.                                 Judgment affirmed.