G. P. FORNEY v. BENJAMIN WILLIAMSON et al.

*Procession.*

The provisions of *The Code*, §§1924–1931, prescribing the procedure in the processioning of lands, must be strictly observed in all material respects.

(*Miller* v. *Heart*, 4 Ired., 23; *Hoyle* v. *Wilson*, 7 Ired., 466; *Britt* v. *Benton*, 79 N. C., 177; *Porter* v. *Durham*, 90 N. C., 55, cited).

This was a proceeding to have certain lands processioned, heard upon exceptions to the report of a jury of freeholders. The clerk confirmed the report, from which the defendants

appealed, and the appeal was tried before *Gilmer, Judge,* at Fall Term, 1886, of BRUNSWICK Superior Court, when the judgment of the clerk was affirmed. Thereupon the defendants appealed to the Supreme Court.

The facts necessary to an understanding of the case are fully stated in the opinion

*Mr. A. W. Haywood,* for the plaintiff.
*Mr. C. M. Busbee,* for the defendants.

MERRIMON, J. This proceeding is very informal and imperfect in many material respects, and cannot be upheld in its present shape and condition, notwithstanding the appellant is the petitioner, and ought, therefore, to have conducted it on his part according to the course prescribed by the statute.

This method of settling the boundaries and disputed lines of tracts of land is out of the ordinary course of civil procedure, and, at best, not a very satisfactory one.

The statutory provisions and regulations respecting it must be strictly observed in all material respects. Otherwise, it will settle nothing, but on the contrary will give rise to confusion and complicated litigation.

Such proceedings have always been cautiously watched and strictly construed by the Courts, indeed they have been seldom sustained.

The present one purports to be under and in pursuance of the statute, (*The Code,* §§1924–1931). On the 23d of March, 1885, the plaintiff filed his petition in the Superior Court of the county in which the land therein mentioned lay, describing it and setting forth rather indefinitely the lines thereof in dispute, without stating the grounds of dispute, and very informally designating as defendants therein sundry persons, whose lands adjoined the tract of the petitioner; but the clerk of the Court failed to "issue a summons to the defendants"

thus named, as the statute expressly required him to do.    It seems from the case stated on appeal, and recitals in an order that he at once issued, an order to a processioner to procession the land, but such order does not appear in the record.

Nor does it appear that the petitioner gave any written notice to such defendants of the time when the processioner would attend on the land to procession the same; nor was there any service of such notice as the statute required. Nor does any report of the processioner that he was forbidden by any person interested in the event of the processioning to run and mark a disputed line, the name of the person so forbidding and all the circumstances of the case appear, as it should do, if he was so forbidden.    Nor does any report of the processioner appear to which exception was filed.    A report of the processioner, in one or the other of the respects mentioned, was necessary to warrant the appointment of five respectable freeholders to join the processioner and aid in establishing a disputed line (*The Code*, §1928).    Nevertheless, the clerk, acting for the Court, appointed five freeholders as if such report had been made.    The freeholders thus appointed proceeded to establish the disputed lines—what lines does not certainly appear—nor does the ground of dispute at all appear—and made report of their action to the Court, signing the same, but neither this nor any report was signed by the processioner, nor does it appear that he was present when the jury undertook to ascertain and establish the disputed lines; nor did he make any plot of the land which it is contended was processioned, nor make any report whatsoever.    A surveyor, other than the processioner, it seems, selected by the defendant, made a plot of the land surveyed by him, but it does not appear, except by uncertain inference, that he acted with the freeholders; nor did he sign their report, or make any formal report of the survey made by him. Manifestly the whole proceeding is irregular, and so informal, indefinite and imperfect that it settles nothing.    There is no

report to be recorded, such as that contemplated by the statute, (*The Code*, §§1927–1928.)   Some of these numerous imperfections might be treated as cured or waived by the parties, particularly by the appellant, but the real matter in dispute—the contested lines—and the ground of contest not appearing at all in any report of the processioner, appear so imperfectly in the petition and also in the report of the free-holders, that the latter does not serve any intelligent purpose.   Indeed, the real matter in controversy can scarcely be said to be stated or appear at all in the report or elsewhere. *Miller* v. *Heart*, 4 Ire., 23; *Matthews* v. *Matthews*, *Id.*, 155; *Hoyle* v. *Wilson*, 7 Ire., 466; *Britt* v. *Benton*, 79 N. C., 177; *Porter* v. *Durham*, 90 N. C., 55.

The exception of the appellant to the report, based upon the ground of such defects and imperfections, should have been sustained.

There is error.   The judgment must be reversed and the report set aside, and further action taken in the proceeding according to law.

Let this opinion be certified to the Superior Court to that end.

Error.                                                    Reversed.