*THE CHOWAN & SOUTHERN RAILROAD COMPANY v. ELIZA-
BETH J. PARKER et al.

*Constitution—Jury Trial—Condemnation of Land—Damages.*

1. The Constitution (Art. I, § 19) guarantees the right to trial by jury, in controversies respecting property, only in cases where, under the common law, the demand that the facts should be so found, could not have been refused, and in fixing the question of compensation to the land-owner for right-of-way condemned to the use of a railroad, commissioners do not invade the province that, under the ancient law, belonged exclusively and peculiarly to the jury.

2. In special proceedings, pending before Clerks, the parties have the right to insist that any issue of fact raised by the pleadings shall be framed by the Clerk and transmitted to the Superior Court in term for trial by jury, and where they fail, before an order appointing commissioners is made, to insist upon a verdict upon the controverted facts, they waive the right of trial by jury, even if it be conceded that the statute gives them the right to demand it.

* Head-notes by AVERY, J.

3. If the land-owner can even demand that an issue be found upon the question of damages in condemnation proceedings, previous to the appointment of commissioners, he cannot do so after the report of the commissioners and exceptions to it are filed. The Judge, then, has the power to order a new appraisement, to modify or confirm the report, but not to allow, on motion of one of the parties, in spite of the objection of the other, a trial of the issues by jury.

This was a Special Proceeding to assess damages for the right-of-way for a railroad through the land of defendants, tried on appeal from the Clerk at the September Term, 1889, of the Superior Court of GATES County, before *Boykin, J.*

The proceeding was regularly instituted before the Clerk, and upon the hearing commissioners were duly appointed, who met upon the premises, and, after being duly sworn, assessed the damages at the sum of two hundred dollars ($200), and duly made their report, as set out in the record.

The defendants objected to the finding of the commissioners, on the ground that the damages assessed were inadequate to the damages sustained by the farm by reason of the said right-of-way, and filed exceptions to the report; all of which were abandoned except the first, which is set out in the record. The Clerk overruled the exceptions and gave judgment in accordance with the report; and the defendants having appealed, the cause was tried at this term of the Court before his Honor, E. T. Boykin and a jury.

When the case was called for trial, counsel for plaintiff objected to trial by jury and insisted that the Court should pass upon the exceptions, and if no legal error nor irregularity appear in the report or conduct of the commissioners, that the report should be confirmed.

The Court overruled the objection and impaneled a jury, and the plaintiff excepted.

The issues submitted were as follows:

"Are the damages sustained by the defendants by the construction of plaintiff's road, as estimated by the commissioners, inadequate to repair their injury so received?"

"If so inadequate, what is the amount of damages so sustained?"

*Mr. L. L. Smith,* for plaintiff.
*Messrs. W. D. Pruden* and *S. L. Scull,* for defendants.

AVERY, J.—after stating the facts: *The Code,* §§ 1945 and 1946, provides that where the prayer of a petitioner for condemnation of right-of-way is granted, the Clerk (the Court) shall appoint three disinterested and competent freeholders, and when their report is filed, "any person interested in the land may file exceptions to the report, and, upon the determination of the same by the Court, either party to the proceeding may appeal to the Court at term, and thence, after judgment, to the Supreme Court. The Court, or Judge, on the hearing, may direct a new appraisement, modify or confirm the report, or make such order in the premises as to him shall seem right and proper.

It seems to have been settled, in the case of *Railroad* v. *Davis* (2 D. & B., 451), that the Constitution (Art. I, § 19), guarantees the right to trial by jury in controversies respecting property, only in cases where, under the common law, the demand that the facts should be so found could not have been refused, and that in fixing the *quantum* of compensation to the land-owner for the right-of-way condemned to the use of a railroad, commissioners do not invade the province that, under the ancient law, belonged peculiarly and exclusively to the jury. *Smith* v. *Campbell,* 3 Hawks, 590; *McIntire* v. *Railroad,* 67 N. C., 278; *Britt* v. *Benton,* 79 N. C., 177.

This is a special proceeding, and in the view of the case most favorable to the defendants they had the right to insist that any issues of fact raised by the pleadings should be framed by the Clerk and transmitted to the Superior Court in term, for trial by jury, and when they failed, before the order appointing the commissioners was made, to insist upon a verdict upon the controverted facts, they acquiesced in the new mode of trial provided therein and waived that which they might have claimed at first.  *Railroad* v. *Ely*, 101 N. C., 8; *Spencer* v. *Credle*, 102 N. C., 68; *The Code*, §§ 116, 252, 256 and 1943

In *Ely* v. *Railroad, supra*, Chief Justice SMITH, d. livering the opinion of the Court, said: "Whatever issues of fact are made in the pleadings should have been framed and settled by the jury, and it was too late to raise them after the verdict upon the one inquiry agreed on by counsel of the respective parties at the trial before the Judge."  After apparently recognizing the right to have formulated and sent up other issues besides that transmitted and passed on, the Court held that, after the verdict was rendered and the Clerk again took cognizance of the case and appointed commissioners, "the parties must abide by their findings of other facts, as they must yield to those of a jury, ordinarily, unless set aside by the Court."  That was a special proceeding to lay off a ditch.

*The Code*, § 1946, embodies, substantially, the same provisions as ch. 138, §§ 16, 17 and 18, Laws of 1871–'72.

In *Railroad* v. *Phillips*, 78 N. C., 50, Justice RODMAN, for the Court (in construing the act of 1871–'72), says: "There cannot be an appeal, in its ordinary acceptation, from the commissioners to the Superior Court, for the reason that they are not a Court, and for the further reason that they make their report directly to the Superior Court, just as a referee or master does.  *  *  *  It may be, however, that

the parties have a right to have a trial by jury. And there seems to have been no objection made to a jury trial in this case. And in *Railroad* v. *Wicker*, 74 N. C., 220, there was a jury trial by consent." In the former case the Court gave judgment for the damages assessed by the jury for the right-of-way.

Whether the defendants could have demanded that an issue be framed upon the question of damages previous to the appointment of commissioners or not, in any case, we think that the Court erred in overruling plaintiff's motion and impaneling a jury to try the issues, after a report and exceptions had been filed. The Judge then had the power to order a new appraisement, to modify or confirm the report, but the authority to make "such orders in the premises as to him should seem right," did not empower him to disregard the protest of the plaintiff and restore to the defendants a right that they had previously waived, if the law had ever given it.

There is error. The judgment is reversed. The Court below must pass upon the exceptions to the report of the commissioners, and confirm or alter it, or order a new appraisement, as may be deemed best.

Error.