## WILLIAM ROBERTS v. Z. DICKEY.

*Costs—Processioning.*

1. The report of processioners should specify with reasonable precision the contentions of the parties, so that the matter in dispute and the conclusion arrived at may be made clear.

2. Upon setting aside the report of processioners, it is error to render judgment for costs; that can only be done upon the final determination of the matter.

PROCESSIONING PROCEEDING, heard upon exceptions to report, at January Term, 1891, of DURHAM Superior Court, *Boykin, J.,* presiding.

This is a processioning proceeding begun by the plaintiff. A jury of freeholders was appointed as allowed by the statute (*The Code,* § 1928), and they took action and made report, whereof the following is the substance:

"It was demanded by the processioner of the plaintiff to say where he claimed the dividing line between him and defendant to be located, to which he responded, on the north side of a wagon road leading west from said Mountain creek, from a sweet-gum on the east bank of the creek running west to a double white-oak, claimed as Moore's corner. And a like demand being made on defendant, he responded on the south side of said road.

After examining the deeds of plaintiff and defendant and a plot of the land of the late W. P. Mangum, examining the premises, and having various surveys made, we were unable to come to any conclusion, and reassembled on the next day on the premises and heard further testimony, and made further examinations, and had other lines surveyed, but came to no conclusion, and adjourned without fixing another day. We were notified by the special processioner to meet again on May 22, 1890, on the premises, and accordingly met, and hearing further testimony proceeded to establish the dividing line between the parties as follows: Beginning at fast rock and pointers 32 links south of the double white-oak claimed as Moore's corner by the plaintiff; thence along a chopped line south 89¼ degrees east to the middle of said creek to a point a little north of the ford of the creek, indicated by pointers, ash, maple and black-gum. Thereupon, the jury find that the plaintiff failed to establish a line as claimed by him," etc.

The plaintiff filed exceptions to this report, as follows:

1. That the jury failed to specifically set out the contentions of the defendant so as to show what land, if any, was recovered by the plaintiff, and the material facts in reference to the dispute, and the ground of their own conclusions.

2. That the jury ignored all the evidence in the cause, and arbitrarily made a line in a place where no line had ever been before, and not according to the contentions of either party, and in a place where it is admitted that there was no line.

The Court sustained the exceptions and directed the Clerk to proceed according to law, giving judgment against the defendant for the costs of the report. The defendant excepted and appealed.

*Mr. J. Parker,* for plaintiff.
*Messrs. J. W. Graham* and *W. W. Fuller,* for defendant.

MERRIMON, C. J.—after stating the case: The report is very indefinite and unsatisfactory. It fails to specify, with reasonable precision, what lines the parties respectively claimed and where they were. What the matter in dispute was cannot be seen from it. The contentions of the parties should appear so that what the jury determined can be seen and understood, and as well, so that the parties may readily present their objections to the action of the jury and that of the processioner. The report goes little beyond designating a line. *Porter* v. *Durham*, 90 N. C., 55; *Forney* v. *Williamson*, 98 N. C., 329; *Euliss* v. *McAdams*, 101 N. C., 391. The Court properly sustained the exceptions and set aside the report, and directed further action. This much of the judgment must be affirmed.

We are of opinion, however, that the Court ought not to have given judgment against the defendant for the costs of the report. The costs in processioning proceedings are regulated specially by the statute (*The Code*, §§ 1927, 1928). When the land is processioned without controversy, the " fees of the processioner and Clerk shall be paid by the proprietor of the land " processioned. But in case of controversy, as in this case, and as contemplated by section 1928, cited above, " the party against whom the decision is made shall pay all costs." The statute so expressly provides, and the general statutory regulations in respect to costs do not apply.

The controversy is not yet ended, and the Court cannot see who is liable for the costs.

The judgment in respect to costs must be reversed, and the case disposed of according to law.

AFFIRMED as to setting aside report. REVERSED as to costs.