BENJAMIN M. HUFFMAN, Employee, v. DOUGLASS AIRCRAFT COMPANY, INC., Employer; and FIREMEN'S FUND INDEMNITY COMPANY, Carrier.

(Filed 9 October 1963.)

**1. Appeal and Error §§ 2, 16—**

Where plaintiff, appearing *in propria persona* because of an asserted inability to employ counsel, fails to comply with the rules of court governing appeals, the Supreme Court, in the exercise of its supervisory jurisdiction, may treat the purported appeal as a petition for certiorari. When, upon consideration of the entire record thus brought up, there is not sufficient error in the record or merit in the appeal to warrant issuance of the writ, the writ must be denied and the appeal dismissed.

**2. Master and Servant § 44—**

The fact that the North Carolina Workmen's Compensation Act does not provide for trial by jury does not render the act unconstitutional.

**3. Master and Servant § 93—**

The findings of fact of the Industrial Commission which are supported by competent evidence are conclusive on appeal.

**4. Same—**

Neither the Superior Court nor the Supreme Court may receive or consider evidence on appeal from the Industrial Commission which was not introduced in the hearing before the Hearing Commissioner or the full Commission.

Appeal by plaintiff from *Brock, S.J.,* February 18, 1963, Special Civil "B" Session of Mecklenburg.

*Plaintiff, in propria persona.*
*Carpenter Webb & Golding and John A. Mraz for defendants.*

Per Curiam. This is a proceeding pursuant to the Workmen's Compensation Act. Plaintiff and defendant employer were subject to

and bound by the Act on 17 July 1959. Defendant Indemnity Company was insurance carrier for employer. Plaintiff claims that his back was injured in an accident which arose out of and in the course of his employment. He asserts that the injury occurred on 17 July 1959 while he was pushing a cart up a ramp. He continued to work after that date until about 21 September 1959 when he entered a hospital for surgery. His condition was diagnosed as spondylolisthesis. He returned to work the last of November, 1959. He filed claim with the Industrial Commission early in 1961, and there was a hearing before Commissioner Mercer at Charlotte on 8 January 1962. The hearing Commissioner filed his opinion and award on 27 February 1962, holding that claimant's injury did not result from accident arising out of and in the course of his employment, and denying compensation. The full Commission sustained the hearing Commissioner, and the superior court affirmed. Plaintiff gave notice of appeal to Supreme Court.

After the hearing in superior court plaintiff's counsel, by leave of court, withdrew. Plaintiff undertook to prepare and perfect his case on appeal without the assistance of an attorney—he explains that he could not secure other counsel and the Charlotte Legal Aid Service declined to assist him because of the expense involved, they having no funds available for this purpose. The purported case on appeal by plaintiff does not contain in any form the evidence heard by Commissioner Mercer, and does not set out any of the proceeding before or awards of the hearing commissioner or the full Commission. It contains no assignments of error, in any form, related directly to exceptions taken (if any were taken) in superior court. It contains merely the judgment of the superior court, recitals of extra factual matters of fragmentary nature designed to supplement the evidence introduced before the hearing commissioner, and argumentative discourses, most of which are irrelevant to any legal questions which might be raised on this appeal. On motion of defendant, the superior court dismissed the appeal for failure of plaintiff to serve a case on appeal. Defendants have filed a motion in Supreme Court to dismiss the appeal on the grounds that no case on appeal has been served on them, no case on appeal has been settled by the judge, the purported record on appeal in Supreme Court does not comply with the rules governing appeals, and plaintiff's brief was not filed in apt time. The motion must be allowed if the decisions of this Court and its applicable rules are to be observed and followed.

Plaintiff appeared in Supreme Court *in propria persona* at the time set for argument of the appeal, offered to argue the case and insisted

that he had done all within his knowledge and means to have his appeal properly presented to and decided by this Court, insisting that justice requires a review of the case. In the exercise of its supervisory jurisdiction (*Ange v. Ange,* 235 N.C. 506, 71 S.E. 2d 19) this Court, in its discretion and on its own motion, decided to treat the purported case on appeal as a petition for certiorari. We procured the complete record of the case before the Industrial Commission and have carefully read and considered the entire record, including the evidence in question and answer form, documentary evidence, records of proceedings, stipulations, the findings of fact, conclusions of law and the awards (together with the exceptions thereto). We have also carefully read and considered the purported case on appeal and plaintiff's brief. Upon consideration of the entire record, and after full discussion in conference, we are of the opinion that there is not sufficient error in the record or merit in the appeal to warrant the issuance of a writ of certiorari, and the appeal should be dismissed.

The constitutional questions which plaintiff discusses and seeks to raise in his brief are without merit and are not properly here for decision. It has long been settled that a litigant in a workmen's compensation proceeding is not entitled to a jury trial, and the act is not unconstitutional because of the denial of trial by jury. *McCune v. Manufacturing Co.,* 217 N.C. 351, 8 S.E. 2d 219; *Lee v. Enka Corp.,* 212 N.C. 455, 193 S.E. 809; *Hanks v. Utilities Co.,* 204 N.C. 155, 167 S.E. 560; *Heavner v. Lincolnton,* 202 N.C. 400, 162 S.E. 909. The findings of fact by the Industrial Commission are conclusive on appeal when supported by competent evidence. *Pitman v. Carpenter,* 247 N.C. 63, 100 S.E. 2d 231. Neither the superior court nor the Supreme Court may receive or consider any evidence not introduced in the hearings before the hearing commissioner or the full Commission. The additional factual statements made by plaintiff in the purported case on appeal and his brief cannot be considered or acted upon by us.

It is noted, parenthetically, that defendant employer not only provided workmen's compensation insurance, but also group insurance, covering health, accidents, loss of time and hospitalization—the employees contributing premium payments. The group insurance did not provide benefits in cases of occupational injury. Plaintiff applied for and received benefits on account of the group insurance: $40 per week (except the last two weeks) while he was out of work on account of the spinal operation; about $720 for hospital, medical and surgical expenses.

Certiorari is denied and the

Appeal dismissed.