RAILWAY LABOR EXECUTIVES' ASSOCIATION
ET AL. *v.* UNITED STATES ET AL.

No. 130. Decided December 7, 1964.

*Clarence M. Mulholland, Edward J. Hickey, Jr., James L. Highsaw, Jr., William G. Mahoney* and *William H. King* for appellants.

*Solicitor General Cox, Assistant Attorney General Orrick, Philip B. Heymann, Robert B. Hummel* and *Elliott Moyer* for the United States; *Robert W. Ginnane* and *Leonard S. Goodman* for Interstate Commerce Commission; and *Hugh B. Cox, W. Graham Claytor, Jr.,* and *Richard S. Arnold* for Southern Railway Co. et al., appellees.

PER CURIAM.

This appeal is from a judgment of a three-judge District Court, 226 F. Supp. 521, dismissing appellants' complaint to set aside orders of the Interstate Commerce Commission, 317 I. C. C. 557, 729, relating to the Southern Railway Company's acquisition of control through stock ownership of the Central of Georgia Railway Company. Appellants, representing railway employees, object that under the Commission's orders, the employees are not protected as provided by §§ 4, 5,

and 9 of the Washington Job Protection Agreement. We agree with the suggestion of the Solicitor General that this case should be remanded to the Interstate Commerce Commission for clarification of its orders insofar as they relate to the agreement. For this reason, the motion of the Interstate Commerce Commission to affirm the judgment of the District Court is denied. The motion of intervenor-appellees Southern Railway Company and Central of Georgia Railway Company to defer consideration of the jurisdictional statement is denied. Appellants' motion to limit the appeal to questions related to §§ 4, 5, and 9 of the Washington Job Protection Agreement is granted. The judgment of the District Court is vacated insofar as it relates to §§ 4, 5, and 9 of the Washington Agreement, and this case is remanded to that court with instructions to remand it to the Interstate Commerce Commission with instructions to amend its reports and orders as necessary to deal with appellants' request that §§ 4, 5, and 9 be included as protective conditions, specifically indicating why each of these provisions is either omitted or included. See *United States* v. *Chicago, M., St. P. & Pac. R. Co.*, 294 U. S. 499, 511.

*Vacated and remanded.*