IN RE: APPEAL OF LAWRENCE TAYLOR

No. 7514DC59

(Filed 7 May 1975)

1. **Insane Persons § 1; Jury § 1— involuntary commitment proceeding — no right to jury trial**

   Respondent in a proceeding for involuntary commitment to a mental health care facility was not entitled to a trial by jury.

2. **Insane Persons § 1— finding of imminent danger — sufficiency of evidence**

   In a proceeding for involuntary commitment to a mental health care facility, evidence was sufficient to support the trial court's finding that respondent was imminently dangerous to himself and to others.

In re Taylor

APPEAL by respondent from *Read, Judge.* Order entered 24 September 1974 in District Court, DURHAM County. Heard in in the Court of Appeals 21 March 1975.

This is an involuntary commitment proceeding instituted pursuant to G.S. 122-58.3 against respondent, Lawrence Taylor, who had been arrested on the night of 10 September 1974 on a charge of trespassing and placed in the Durham County Jail. From the order of the district court committing him to John Umstead Hospital for a period of 90 days, respondent appealed to this court pursuant to G.S. 122-58.9.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Loflin, Anderson & Loflin, by Thomas F. Loflin III and Ann F. Loflin, for the respondent appellant.*

BRITT, Judge.

The Attorney General contends that this case is moot because of respondent's unconditional release from John Umstead Hospital on 25 October 1974. This court has held that an appeal is not moot solely because the period of commitment has expired. *In re Carter,* No. 7415DC888 (N.C. App., filed on 16 April 1975). Therefore, we consider the appeal on its merits.

By his first assignment of error, respondent contends the court erred in denying his motion to strike the custody order and suppress all documents arising therefrom, for one or both of the following reasons: The petition upon which the custody order was based did not comply with G.S. 122-58.3; the custody order itself was unlawful for that it was not executed by an impartial official. (The magistrate who executed the order is respondent's brother.)

Suffice it to say, we have carefully considered this assignment and find it to be without merit.

[1] In his second assignment of error, respondent contends the court erred in denying his motion for a trial by jury of all issues of fact. We find no merit in this assignment.

Respondent relies on Article I, § 25, of the State Constitution which guarantees the right of jury trial in *civil cases.* In *Groves v. Ware,* 182 N.C. 553, 109 S.E. 568 (1921), the court held that the right to trial by jury guaranteed by this section

(formerly § 19) of the Constitution applies only to cases in which the prerogative existed at common law or by statute in existence at the time the Constitution was adopted (1868); the court further held that right to trial by jury did not exist at common law in insanity proceedings. The statute under which respondent was committed was ratified 13 April 1974 and became effective 12 June 1974. (Ch. 1408, 1973 Session Laws).

In the case of *In Re Cook*, 218 N.C. 384, 11 S.E. 2d 142 (1940), an inquisition of lunacy proceeding, the court said: "It is not contemplated that there should be a jury trial of the issue in a matter of this kind. . . ." *See also In re Annexation Ordinance*, 284 N.C. 442, 451, 202 S.E. 2d 143 (1974) and *In re Bonding Co.*, 16 N.C. App. 272, 192 S.E. 2d 33, *cert. den.*, 282 N.C. 426 (1972), where it was held that the right to jury trial preserved under Article I, § 25, applies only in cases in which the prerogative existed at common law or by statute at the time the State Constitution was adopted. We hold that respondent was not entitled to a jury trial.

[2] In his third assignment of error, respondent contends that the court erred in finding that he was imminently dangerous to himself and others. The judge found as a fact the following:

> . . . That while in jail he became violent and uncontrollable and flooded the cell by stopping up the commode and did destroy the commode by ripping it from its setting and breaking it into small pieces. That he cut and injured his hands while destroying this commode. That he shook and awakened the three other inmates in his cell block and acted beligerent toward them. That he walked around the inside of the cell with a steel bar in his hand. That he threatened to assault Deputies Welch and Walker. That he threatened Dr. Perry by saying, "I'll get you." That he threw broken pieces of the commode at Deputy Strayhorn. That he has been tentatively diagnosed as having Paranoid Schizophrenia, psychotic state. That he has been treated at John Umstead Hospital for mental illness before. That he is now taking thorazine. . . .

We hold that the record shows by "clear, cogent, and convincing evidence" that the respondent was imminently dangerous to himself and others and that the evidence supports the trial court's findings.

Affirmed.

Judges HEDRICK and MARTIN concur.