DELBERT RAY JACKSON v. THE LUNDY PACKING COMPANY

No. 834SC1285

(Filed 15 January 1985)

1. **Appeal and Error § 6.9— request for jury trial—denial of motion to dismiss interlocutory**

Defendant's appeal from denial of its motion to dismiss plaintiff's request for trial by jury was from an interlocutory order and was clearly premature.

2. **Master and Servant § 10.2; Rules of Civil Procedure § 39— retaliatory discharge from job—action to be tried by jury**

In designating an employee's action to recover damages for discharge from his job in retaliation for filing a workers' compensation claim as a civil action and in requiring it to be processed in the General Court of Justice without specifying the mode of trial, the General Assembly intended for such actions to be tried in the usual way by juries upon the timely request of any party thereto. G.S. 97-6.1.

APPEAL by defendant from *Walker, Russell G., Judge*. Order entered 24 October 1983 in Superior Court, SAMPSON County. Heard in the Court of Appeals 25 September 1984.

Alleging that defendant discharged him from his job in retaliation for filing a claim for workers' compensation, plaintiff sued defendant for damages as authorized by G.S. 97-6.1 and demand for a jury trial was made in the complaint. After filing answer defendant moved to dismiss plaintiff's request for trial by jury. When the motion was denied defendant appealed and in the alternative petitioned for certiorari.

*John R. Parker for plaintiff appellee.*

*Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards, by James M. Miles and Charles P. Roberts III, for defendant appellant.*

PHILLIPS, Judge.

[1] This appeal is clearly premature and subject to dismissal. It is from an interlocutory order that disposed of no part of the case and left the entire litigation completely unadjudicated. *See* Rule 54, N.C. Rules of Civil Procedure; *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980). Nor is the appeal authorized by the provisions of G.S. 1-277 or G.S. 7A-27(d), because no substantial right of

the defendant's would have been lost if the appeal had been delayed until the case is litigated. The only possible harm that defendant could have suffered by delaying its appeal was having to try the case twice, which by itself, contrary to defendant's contention, does not justify an interlocutory appeal. *Davis v. Mitchell*, 46 N.C. App. 272, 265 S.E. 2d 248 (1980). But there is no reason to suppose that two trials would have been necessary, even if defendant's position was right and the judge's wrong. The case could have easily been tried to both judge and jury and no doubt would have been before now if defendant had so requested. If that simple, expedient course had been followed, the delay and expense caused by this appeal certainly would not have been incurred and the case could have been ended before now with no appeal at all. Nevertheless, since defendant's contention is so clearly without merit we choose to dispose of it now, so that neither the plaintiff, the trial court, nor this Court will be troubled with it further.

The statute plaintiff sues under, G.S. 97-6.1 provides in pertinent part: "Any employer who violates any provision of this section shall be liable in a civil action . . ." Article IV, Section 13(1) of the North Carolina Constitution plainly states that:

There shall be . . . but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated *a civil action, and in which there shall be a right to have issues of fact tried before a jury.* (Emphasis supplied.)

And under the provisions of Rule 39(a)(2) of the N.C. Rules of Civil Procedure, plaintiff having demanded a jury trial, he is entitled to such a trial unless "[t]he court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes."

Defendant's position, in short, is that: Plaintiff has no right to a jury trial in this case since no cause of action for retaliatory discharge existed before our state Constitution was adopted in 1868. Article I, Section 25 of the North Carolina Constitution, adopted at that time, provides that "[i]n all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." And it is true, as defendant contends, that

Jackson v. Lundy Packing Co.

our Supreme Court has held many times that this is the only provision of our state Constitution that *guarantees* trial by jury in civil cases and that this Article applies only where a right to a jury trial existed when the Constitution was adopted. But that plaintiff was not *guaranteed* a jury trial by the Constitution does not necessarily mean, as defendant jumps to conclude, that plaintiff has no legal right to a jury trial in this case or that defendant has a legal or constitutional right *not* to have it tried by jury. In support of its position defendant points to several cases involving civil rights and remedies that did not exist in this state before our Constitution was adopted in 1868 in which our Supreme Court ruled that the movant was not entitled to a jury trial. None of those decisions have any bearing whatever on this case, however, for the simple reason that the statutes involved in those cases expressly directed that the new civil rights and remedies created by them be adjudicated in some way other than by a jury; whereas, the statutes which created plaintiff's cause of action for retaliatory discharge made no such provision. The decisions erroneously relied upon by defendant include: *In re Huyck Corp. v. C. C. Mangum, Inc.,* 309 N.C. 788, 309 S.E. 2d 183 (1983) [contract claim against the State]; *North Carolina State Bar v. DuMont,* 304 N.C. 627, 286 S.E. 2d 89 (1982) [a disciplinary proceeding]; *In re Clark,* 303 N.C. 592, 281 S.E. 2d 47 (1981) [a parental rights termination proceeding]; *State v. Carlisle,* 285 N.C. 229, 204 S.E. 2d 15 (1974) [a driver's license revocation proceeding]; *Huffman v. Douglass Aircraft Co. Inc.,* 260 N.C. 308, 132 S.E. 2d 614 (1963), *cert. denied,* 379 U.S. 850, 13 L.Ed. 2d 53, 85 S.Ct. 93, *reh. denied,* 379 U.S. 925, 13 L.Ed. 2d 338, 85 S.Ct. 279 (1964) [a workers' compensation proceeding]; *In re Annexation Ordinance Nos. 866-870,* 253 N.C. 637, 117 S.E. 2d 795 (1961) [an annexation proceeding]; *In re Ferguson,* 50 N.C. App. 681, 274 S.E. 2d 879 (1981) [a parental rights termination proceeding]; and *In re Taylor,* 25 N.C. App. 642, 215 S.E. 2d 789 (1975) [an involuntary commitment proceeding].

[2] Defendant nevertheless argues that since the General Assembly did not expressly provide for trying this newly created action to a jury, but merely said it was enforceable by a civil action, that it must be tried to a judge. Why this should be, defendant's brief does not explain, and we cannot imagine. Certainly, it is not because non-jury trials are the favorites of either our people or our jurisprudence, because they are not, as every citizen

knows. Nor can it be because the usual or traditional procedure is to try civil cases for money damages to judges, rather than jurors, for it is not, as every lawyer and judge knows. That our Constitution does not *guarantee* a jury trial for this new civil remedy is really beside the point; because the question presented is whether under the circumstances defendant has a right not to have its case tried to a jury. We hold that it does not. In designating retaliatory discharge claims as civil actions, and in requiring them to be processed in the General Court of Justice without specifying the mode of trial indicates to us, and we so hold, that the General Assembly intended for these actions to be tried in the usual way by juries upon the timely request of any party thereto. The practice of trying civil money damages cases to juries is too customary and well regarded by the people and profession alike for us to presume, as defendant would have us do, that the General Assembly intended to forbid jury trials in these cases. Thus, we affirm the order appealed from.

Affirmed.

Judges HEDRICK and BECTON concur.