CHARLES L. FAIRCLOTH AND LONNIE VANCE MICHAEL v. HUGH JOSEPH BEARD, McDANIEL LEWIS BEARD, BEARD FABRICS, INC., BEARD PROPERTIES, LIMITED, A PARTNERSHIP, AND HJB PROPERTIES, LIMITED, A PARTNERSHIP

No. 682PA86

(Filed 28 July 1987)

**1. Appeal and Error § 6.9— order granting jury trial—right of appeal**
    The trial court's interlocutory order ruling that plaintiffs are entitled to a jury trial affects a substantial right of defendants and is immediately appealable. N.C.G.S. §§ 1-277 and 7A-27.

**2. Jury § 1— shareholders' derivative action—right to jury trial**
    Although a shareholders' derivative action may be an action in equity, it is a civil action for which Art. IV, § 13 of the N. C. Constitution guarantees the right to a jury trial.

ON appellants Hugh Joseph Beard, McDaniel Lewis Beard, Beard Properties Limited and HJB Properties' petition for discretionary review of the Court of Appeals, reported at 83 N.C. App. 235, 349 S.E. 2d 609 (1986), dismissing their appeal from *McLelland, Judge*, at the 23 January 1986 Session of Superior Court, ALAMANCE County. Heard in the Supreme Court 13 May 1987.

The appellants are defendants in a shareholders' derivative action brought by plaintiffs on behalf of Beard Fabrics, Inc. In their complaint the plaintiffs alleged self-dealing and requested relief in the form of damages, the imposition of a constructive trust or equitable lien upon any real property owned by the cor-

poration, court supervised liquidation and dissolution of the corporation. In an amended complaint the plaintiffs alleged the defendant officers had breached their fiduciary duties to the corporation and prayed for punitive damages. In the original complaint the plaintiffs prayed for a jury trial.

The appellants made a motion in which they said that no right to a jury trial exists in this case and asked the court to rule "that all demands for a jury trial of any issues in this action are invalid and of no effect." The court denied this motion. The Court of Appeals held that the order denying the motion did not deprive the defendants of a substantial right which they would lose absent a review prior to a final determination of the action and dismissed the appeal. We allowed discretionary review.

*Hemric, Hemric and Hemric, P.A., by H. Clay Hemric, Jr. and Nancy G. Hemric, for plaintiff appellees.*

*Ridge and Associates, by Paul H. Ridge and Daniel Snipes Johnson, for defendant appellants.*

WEBB, Justice.

[1] The Court of Appeals held that the denial of the defendants' motion that the plaintiffs' demand for a jury trial be invalidated is an interlocutory order which does not affect a substantial right. For this reason the appeal was dismissed by the Court of Appeals. The rule that there may be no appeal as of right pursuant to N.C.G.S. §§ 1-277 and 7A-27 from an interlocutory order unless such order deprives the appellant of a substantial right which he would lose absent a review prior to final determination has been stated in many cases. *See Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1978); *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); and *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). The Court of Appeals recognized that an order denying a motion for jury trial is appealable. *See In re McCarroll*, 313 N.C. 315, 327 S.E. 2d 880 (1985) and *In re Ferguson*, 50 N.C. App. 681, 274 S.E. 2d 879 (1981). The Court of Appeals said that all the superior court did was refuse to invalidate the plaintiffs' demand for a jury trial and did not determine whether the plaintiffs were entitled to a jury trial. For this reason the Court of Appeals reasoned the appellants had not been injured. There is logic in the Court of Appeals' reading of the ap-

pellants' motion and the court's order. We believe, however, that a fair reading is that the court has ruled that the plaintiffs are entitled to a jury trial. If, as we held in *McCarroll* and the Court of Appeals held in *Ferguson*, an order denying a jury trial is appealable, an order requiring a jury trial should be appealable. If a denial of a jury trial affects a substantial right which would be lost absent a review prior to final determination the requirement that a case will be tried by a jury should have the same effect. We hold that the denial of the appellants' motion is appealable.

[2]    The right to jury trials is covered by two sections of the Constitution of North Carolina. Article I, Sec. 25 says:

> In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable.

Article IV, Sec. 13 provides in part:

> There shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action, and in which there shall be a right to have issues of fact tried before a jury.

There is not a conflict between these two sections but Article IV, Sec. 13 is more comprehensive. We believe it determines this case. This is an action for the protection of private rights and the redress of private wrongs. It is a civil action under Article IV, Sec. 13 of the Constitution of North Carolina. The plaintiffs are guaranteed under this section that the facts in the case shall be tried before a jury.

The defendant, relying on *In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 309 S.E. 2d 183 (1983); *N.C. State Bar v. Dumont*, 304 N.C. 627, 286 S.E. 2d 89 (1982); *In re Clark*, 303 N.C. 592, 281 S.E. 2d 47 (1981); *In re Wallace*, 267 N.C. 204, 147 S.E. 2d 922 (1966); *Utilities Commission v. Trucking Co.*, 223 N.C. 687, 28 S.E. 2d 201 (1943); *Belk's Department Store v. Guilford County*, 222 N.C. 441, 23 S.E. 2d 897 (1943); *Railroad v. Parker*, 105 N.C. 246, 11 S.E. 328 (1890); *Phillips v. Phillips*, 73 N.C. App. 68, 326 S.E. 2d 57 (1985); *Ferguson*, 50 N.C. App. 681, 274 S.E. 2d 879; *In re Foreclosure of Sutton Investments*, 46 N.C. App. 654, 266 S.E. 2d 686 (1980); *In re Taylor*, 25 N.C. App. 642, 215 S.E. 2d 789 (1975);

*State v. Carlisle*, 20 N.C. App. 358, 201 S.E. 2d 704 (1974); and *In re Bonding Co.*, 16 N.C. App. 272, 192 S.E. 2d 33 (1972), argues that the right to a jury trial in this state is governed by Article I, Sec. 25 of the Constitution and a jury trial may only be had as a matter of right if such a right existed when the 1868 Constitution was adopted. They argue further that a stockholders' derivative action is an action in equity and a right to a jury trial in equitable actions did not exist prior to the adoption of the Constitution of 1868. We do not believe the above cited cases hold that Article I, Sec. 25 governs exclusively the right to a jury trial. They mention only Article I, Sec. 25 in discussing the right to a jury trial but none of them are factually similar to this case. If we were to say that these cases hold Article IV, Sec. 13 does not apply in determining a right to a jury trial we would be amending the Constitution by eliminating this section. This we cannot do. Although stockholders' derivative suits may be equitable actions they are actions to protect private rights and to redress private wrongs. They are civil actions under Article IV, Sec. 13 and this section of the Constitution guarantees that parties to such actions may have questions of fact tried by juries.

For the reasons stated in this opinion we reverse the Court of Appeals and hold that the superior court was correct in denying the defendants' motion that the plaintiffs' demand for a jury trial be invalidated.

Reversed and remanded.